STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                                   Docket No. CR-11-5886
                                                  EMK - CUM- 12/12/2011

STATE OF MAINE              )
                           )
v.                         )          ORDER ON MOTION TO DISMISS
                           )          COUNTS TWO AND FOUR
ERIC LYNCH                  )
                           )
       Defendant           )

The Defendant Eric Lynch seeks to dismiss two of the domestic violence charges
against him on the ground that the alleged victim of Counts 2 and 4, Christina Victor, the
adult child of alleged victim Denise Lynch, does not fall within the scope of "family or
household member" as defined by 19-A M.R.S.A. § 4002(4).

Defendant is charged with Domestic Violence Assault, 17-A M.R.S.A. § 207-
A(1)(A) against his wife, Denise (Count 1), and against Denise's daughter, Christina
(Count 2), as well as with Domestic Violence Criminal Threatening, 17-A M.R.S.A. §
209-A(1)(A) against both Denise (Count 3) and Christina (Count 4). Sections 207-A and
209-A expressly reference the definition of "family or household member" set forth in
19-A M.R.S.A. § 4002(4). *See* 17-A M.R.S.A. § 207-A(1)(A) & 209-A(1)(A) ("A person
is guilty of domestic violence assault [criminal threatening] if "[t]he person violates
section 207 [209] and the victim is a family or household member as defined in Title 19-
A section 4002, subsection 4. Violation of this paragraph is a Class D crime").

According to the definition set forth, for purposes of the charged offenses,[1]
"family or household members" include:

- spouses or domestic partners;
- former spouses or former domestic partners;
- individuals presently living together as spouses;
- individuals formerly living together as spouses;
- natural parents of the same child;
- adult household members related by consanguinity or affinity;
- minor children of a household member when the defendant is an adult household member;
- individuals presently living together;

---

[1] The categories listed above as the last four, *ie.*, individuals presently or formerly living together and current or former sexual partners, are considered within the definition of "family or household members" only with respect to the protection from abuse chapter, the domestic violence statutes (17-A M.R.S.A. §§ 207-A, 209-A, 210-B, 210-C, 211-A), and for purposes of 17-A M.R.S.A. §§ 15, 1201, 1202 & 1253. *See* 19-A M.R.S.A. § 4002(4).

- **individuals formerly living together;**
- individuals who are sexual partners;
- individuals who were formerly sexual partners.

19-A M.R.S.A. § 4002(4) (emphasis added).

The court held a brief hearing on this issue on December 6, 2011. At the hearing, Defendant conceded that during some of the time that he lived with Denise, her daughter Christina lived there too. The court heard undisputed testimony that Defendant lived with Denise **and Christina** for "at least three years." Accordingly, because Defendant and Christina were formerly part of the same household, they fall within the plain language of § 4002's "individuals formerly living together" -- a category expressly included within the definition of "family or household members" for purposes of the domestic violence offenses charged.

Accordingly, because the Defendant and his stepdaughter Christina Victor constitute "family or household members" as charged in the offenses set forth in Counts 2 and 4, it is hereby ORDERED that Defendant's Motion to Dismiss is DENIED.

DATED: _____12/12/11_____          _E. Mary Kelly_____
                                                                E. Mary Kelly
                                                                Judge, Unified Criminal Docket

2